IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| JOSE GUADARRAMA and ROSARIO MONDRAGON, | ) ) ) | Case No. 07 B 06900 |
| | ) | |
| Debtor(s). | ) | Judge Manuel Barbosa |

### TRUSTEE'S FINAL REPORT

To:   THE HONORABLE MANUEL BARBOSA, BANKRUPTCY JUDGE

NOW COMES Charles J. Myler, Trustee herein, and respectfully submits to the Court and to the United States Trustee his Final Report in accordance with 11 U.S.C. §704(9).

1.   The Petition commencing this case was filed on April 17, 2007. Charles J. Myler was appointed Trustee on April 17, 2007. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

2.   The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3.   The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is $0. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4.  A summary of the Trustee's Final Report as of December 31, 2008 is as follows:

   a.  RECEIPTS (See Exhibit C)                              $34,234.51

   b.  DISBURSEMENTS (See Exhibit C)                         $12,500.00

   c.  NET CASH available for distribution                   $21,734.51

   d.  TRUSTEE/PROFESSIONAL COSTS:

      1.  Trustee compensation requested      $1,834.38
          (See Exhibit E)
      2.  Trustee Expenses (See Exhibit E)    $37.21
      3.  Compensation requested by
          attorney or other professionals
          for trustee (See Exhibit F)         $3,360.00

5.  The Bar Date for filing unsecured claims expired on January 1, 2008.

6.  All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee. (See Exhibit D) The actual dollar amount of claims allowed and/or requested for this estate is as follows:

   a.  Allowed unpaid secured claims                         $0.00

   b.  Chapter 7 administrative and
       28 U.S.C. §1930 claims                                $5,231.59

   c.  Allowed Chapter 11 administrative                     $0.00
       claims

   d.  Allowed priority claims                               $0.00

   e.  Allowed unsecured claims                              $7,240.77

7.  Trustee proposes that unsecured creditors receive a distribution of 100% of allowed claims plus interest at 3.04% for an estimated 349 days until estimated date of distribution (March 31, 2008).

8.  Total compensation previously awarded to Trustee's counsel, accountant or other professional was $0.00. Trustee's attorney's, accountant's, or other professional's compensation

2

requested but not yet allowed is $3,360.00. The total of Chapter 7 professional fees and expenses requested for final allowance is $3,360.00. (See Exhibit G).

9. A fee of $1,300.00 was paid to debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

**WHEREFORE**, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

RESPECTFULLY SUBMITTED:

DATE: January 17, 2008

/s/ Charles J. Myler
Charles J. Myler, ARDC# 2008602
105 E. Galena Blvd., 8th Floor
Aurora, IL 60505
(630) 897-8475

## TASKS PERFORMED BY TRUSTEE

Trustee learned from debtor that debtor was entitled to a settlement check from a mass torte case filed in California regarding a trailer park where debtors had formerly lived. Trustee hired counsel to assist the trustee who reviewed the possible settlement and contacted the attorney in California who had represented the mass torte suit and provided information on the nature of the settlement and the method of determining which parties obtained the largest settlement. Based upon discussions with the California attorney and the amount of the settlement paid, trustee was able to determine that debtor Mondragon was entitled to more money because of personal injury which had actually occurred because of conditions while living in the trailer park. A compromise was therefore made by trustee counsel resulting in the remaining funds being paid to the bankruptcy estate. Trustee also handled numerous telephone calls from various creditors regarding the estate and a possible payout.. It is estimated that 6.5 hours of trustee time were spent in this matter.

EXHIBIT A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 07-06900 5
**Case Name:** GUADARRAMA, JOSE / MONDRAGON, ROSARIO
**Period Ending:** 12/31/07

**Trustee:** (330510) CHARLES J. MYLER
**Filed (f) or Converted (c):** 04/17/07 (f)
**§341(a) Meeting Date:** 06/04/07
**Claims Bar Date:** 01/01/08

| Ref. # | 1 Asset Description (Scheduled And Unscheduled (u) Property) | 2 Petition/ Unscheduled Values | 3 Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | 4 Property Abandoned OA=§554(a) abandon. DA=§554(c) abandon. | 5 Sale/Funds Received by the Estate | 6 Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Residence in Elgin, IL | 291,000.00 | 291,000.00 | DA | 0.00 | FA |
| 2 | Checking account | 800.00 | 800.00 | DA | 0.00 | FA |
| 3 | Household furnishings | 1,500.00 | 1,500.00 | DA | 0.00 | FA |
| 4 | Books and pictures | 100.00 | 100.00 | DA | 0.00 | FA |
| 5 | Wearing apparel | 200.00 | 200.00 | DA | 0.00 | FA |
| 6 | Costume jewelry | 500.00 | 500.00 | DA | 0.00 | FA |
| 7 | 2006 Chevy Tahoe | 26,275.00 | 26,275.00 | DA | 0.00 | FA |
| 8 | Class action suit (u) | Unknown | Unknown | DA | 0.00 | FA |
| 9 | Fifth Third Bank Checking Acct. | 800.00 | 800.00 | DA | 0.00 | FA |
| 10 | Misc. Furniture: TV, Stove, Refrigerator, Beds, | 1,500.00 | 1,500.00 | DA | 0.00 | FA |
| 11 | Books and Pictures | 100.00 | 100.00 | DA | 0.00 | FA |
| 12 | Wearing Apparel | 200.00 | 200.00 | DA | 0.00 | FA |
| 13 | Costume jewelry | 500.00 | 500.00 | DA | 0.00 | FA |
| 14 | 2006 Chevy Tahoe | 26,275.00 | 26,275.00 | DA | 0.00 | FA |
| 15 | Personal Injury Case | 34,188.08 | 34,188.08 | DA | 34,188.08 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 46.43 | Unknown |
| 16 | Assets Totals (Excluding unknown values) | $383,938.08 | $383,938.08 | | $34,234.51 | $0.00 |

**EXHIBIT B**

Printed: 01/16/2008 12:51 PM   V.10.03

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 07-06900 5
**Case Name:** GUADARRAMA, JOSE
 MONDRAGON, ROSARIO
**Period Ending:** 12/31/07

**Trustee:** (330510)    CHARLES J. MYLER
**Filed (f) or Converted (c):** 04/17/07 (f)
**§341(a) Meeting Date:** 06/04/07
**Claims Bar Date:** 01/01/08

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned DA=§554(a) abandon. DA=§554(c) abandon. | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| Ref. # | | | | | |

**Major Activities Affecting Case Closing:**
Trustee will administer settlement funds from class action suit after claims bar date of 1/1/08

**Initial Projected Date Of Final Report (TFR):** December 31, 2007    **Current Projected Date Of Final Report (TFR):** December 31, 2007

Page: 1

# Form 2
## Cash Receipts And Disbursements Record

**Case Number:** 07-06900 5
**Case Name:** GUADARRAMA, JOSE MONDRAGON, ROSARIO
**Taxpayer ID #:** 13-7577502
**Period Ending:** 12/31/07

**Trustee:** CHARLES J. MYLER (330510)
**Bank Name:** JPMORGAN CHASE BANK, N.A.
**Account:** \*\*\*-\*\*\*\*\*36-65 - Money Market Account
**Blanket Bond:** $5,000,000.00 (per case limit)
**Separate Bond:** N/A

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Money Market Account Balance |
| 09/12/07 | {15} | Endeman Lincoln Turek & Heater | PI case settlement | 1129-000 | 34,188.08 | | 34,188.08 |
| 09/28/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6500% | 1270-000 | 9.12 | | 34,197.20 |
| 10/04/07 | 1001 | Jose Guadarrama and Rosario Mondragon | Refund for exemptions | 8100-002 | | 12,500.00 | 21,697.20 |
| 10/31/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6500% | 1270-000 | 14.96 | | 21,712.16 |
| 11/30/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6000% | 1270-000 | 11.29 | | 21,723.45 |
| 12/31/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6000% | 1270-000 | 11.06 | | 21,734.51 |
| | | | ACCOUNT TOTALS | | 34,234.51 | 12,500.00 | $21,734.51 |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | Subtotal | | 34,234.51 | 12,500.00 | |
| | | | Less: Payments to Debtors | | | 12,500.00 | |
| | | | NET Receipts / Disbursements | | $34,234.51 | $0.00 | |

{} Asset reference(s)



EXHIBIT C

# Form 2
## Cash Receipts And Disbursements Record

| Case Number: | 07-06900 5 | | Trustee: | CHARLES J. MYLER (330510) |
|---|---|---|---|---|
| Case Name: | GUADARRAMA, JOSE | | Bank Name: | JPMORGAN CHASE BANK, N.A. |
| | MONDRAGON, ROSARIO | | Account: | ***_*****36-65 - Money Market Account |
| Taxpayer ID #: | 13-7577502 | | Blanket Bond: | $5,000,000.00  (per case limit) |
| Period Ending: | 12/31/07 | | Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Money Market Account Balance |

|  | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| MMA # ***_*****36-65 | 34,234.51 | 0.00 | 21,734.51 |
| | $34,234.51 | $0.00 | $21,734.51 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| JOSE GUADARRAMA and | ) | Case No. 07 B 06900 |
| ROSARIO MONDRAGON, | ) | |
| | ) | |
| Debtors. | ) | Judge Manuel Barbosa |

## DISTRIBUTION REPORT

I, Charles J. Myler, Trustee herein, certify that I have reviewed all claims filed with the Clerk of the Bankruptcy Court and have examined all orders of Court, and state that based on my review I propose to make the following distribution:

SUMMARY OF DISTRIBUTION:

| | |
|---|---|
| Chapter 7 Administrative Expenses: | $5,231.59 |
| Chapter 11 Administrative Expenses: | $0.00 |
| Priority Claims (507(a)(3)-(a)(6)): | $0.00 |
| Secured Tax Liens: | $0.00 |
| Priority Tax Claims: | $0.00 |
| General Unsecured Claims: | $7,240.77 |
| Interest to estimated distribution date (3/31/08) | $205.91 |
| Refund to Debtors: | $9,056.24 |

TOTAL AMOUNT TO BE DISTRIBUTED:   $21,734.51

EXHIBIT D

## DISTRIBUTION REPORT

| 1. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|
| §726(a) & (b) and §507(a)(1) (Chapter 7 costs of administration including court costs and U.S. Trustee quarterly fees pursuant to 28 U.S.C. 1930(6)) | $5,231.59 | 100 |
| **CLAIM NO. CREDITOR** | **AMOUNT OF ALLOWED CLAIM** | **AMOUNT OF DIVIDEND** |
| Charles J. Myler, Trustee | $1,834.38 | $1,834.38 |
| Charles J. Myler, Expenses | 37.21 | 37.21 |
| Myler, Ruddy & McTavish | 3,360.00 | 3,360.00 |

| 2. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a) & (b) and §507(a)(1) (Debtor-in-possession (DIP) administrative expenses) | $0.00 | |
| **CLAIM NO. CREDITOR** | **AMOUNT OF ALLOWED CLAIM** $ | **AMOUNT OF DIVIDEND** $ |

| 3. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(2) - Gap claims arising in involuntary cases and allowed pursuant to §502(f) | $0.00 | |
| **CLAIM NO. CREDITOR** | **AMOUNT OF ALLOWED CLAIM** $ | **AMOUNT OF DIVIDEND** $ |

| 4. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(3) - Wages, salaries or commissions limited to $4,000 (less applicable withholdings) | $0.00 | |
| **CLAIM NO. CREDITOR** | **AMOUNT OF ALLOWED CLAIM** $ | **AMOUNT OF DIVIDEND** $ |
| | TOTAL | FINAL |

6

| 5. TYPE OF CLAIMS<br>§507(a)(4) - Contributions<br>to Employee Benefit Plans | AMOUNT OF CLAIMS<br>$0.00 | DIVIDEND % |
|---|---|---|
| CLAIM NO.  CREDITOR | AMOUNT OF<br>ALLOWED CLAIM<br>$ | AMOUNT OF<br>DIVIDEND<br>$ |

| 6. TYPE OF CLAIMS<br>§507(a)(5) - Farmers'<br>and Fishermans' claims<br>to the extent of $2,000 | TOTAL<br>AMOUNT OF CLAIMS<br>$0.00 | FINAL<br>DIVIDEND % |
|---|---|---|
| CLAIM NO.  CREDITOR | AMOUNT OF<br>ALLOWED CLAIM<br>$ | AMOUNT OF<br>DIVIDEND<br>$ |

| 7. TYPE OF CLAIMS<br>§507(a)(6) - Deposits<br>by consumers to the extent<br>of $900 | TOTAL<br>AMOUNT OF CLAIMS<br>$0.00 | FINAL<br>DIVIDEND % |
|---|---|---|
| CLAIM NO.  CREDITOR | AMOUNT<br>ALLOWED CLAIM<br>$ | AMOUNT OF<br>DIVIDEND<br>$ |

| 8. TYPE OF CLAIMS<br>§724(b) - Tax Liens | TOTAL<br>AMOUNT OF CLAIMS<br>$0.00 | FINAL<br>DIVIDEND % |
|---|---|---|
| CLAIM NO.  CREDITOR | AMOUNT OF<br>ALLOWED CLAIM<br>$ | AMOUNT OF<br>DIVIDEND<br>$ |

| 9. TYPE OF CLAIMS<br>§507(a)(7) - Tax claims<br>excluding fines and penalties | TOTAL<br>AMOUNT OF CLAIMS<br>$0.00 | FINAL<br>DIVIDEND % |
|---|---|---|
| CLAIM NO.  CREDITOR | AMOUNT OF<br>ALLOWED CLAIM<br>$ | AMOUNT OF<br>DIVIDEND<br>$ |

| 10. TYPE OF CLAIMS<br>§507(a)(8) - Capital<br>Commitments to FDIC, et al. | TOTAL<br>AMOUNT OF CLAIMS<br>$0.00 | FINAL<br>DIVIDEND % |
|---|---|---|

| CLAIM NO.  CREDITOR | AMOUNT OF ALLOWED CLAIM $ | AMOUNT OF DIVIDEND $ |
|---|---|---|
| **11. TYPE OF CLAIMS** §726(a)(2) - General Claims (To be paid *pro-rata* after costs of administration and priority claims are paid in full) | TOTAL AMOUNT OF CLAIMS $7,240.77 | FINAL DIVIDEND % 100 |
| **CLAIM NO.  CREDITOR** | **AMOUNT OF ALLOWED CLAIM** | **AMOUNT OF DIVIDEND** |
| 1. Wells Fargo Bank | $4,341.82 | $4,341.82 |
| Interest | $125.64 | $125.64 |
| 2. Federated Retail Holdings | $740.10 | $740.10 |
| Interest | $20.94 | $20.94 |
| 3. FDS Bank/Macy's | $2,158.85 | $2,158.85 |
| Interest | $59.33 | $59.33 |
| **12. TYPE OF CLAIMS** §726(a)(3) - Late unsecured claims. | TOTAL AMOUNT OF CLAIMS $0.00 | FINAL DIVIDEND % |
| **CLAIM NO.  CREDITOR** | **AMOUNT OF ALLOWED CLAIM** $ | **AMOUNT OF DIVIDEND** $ |
| **13. TYPE OF CLAIMS** §726(a)(4) - Fines/penalties | TOTAL AMOUNT OF CLAIMS $0.00 | FINAL DIVIDEND % |
| **CLAIM NO.  CREDITOR** | **AMOUNT OF ALLOWED CLAIM** $ | **AMOUNT OF DIVIDEND** $ |
| **14. TYPE OF CLAIMS** §726(a)(5) - Interest (____% from date of filing to anticipated date of distribution (_____) | TOTAL AMOUNT OF CLAIMS $0.00 | FINAL DIVIDEND % |
| **CLAIM NO.  CREDITOR** | **AMOUNT OF ALLOWED CLAIM** $ | **AMOUNT OF DIVIDEND** $ |

8

| 15. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(6) - Surplus to Debtor | $9,056.24 | 41.66 |

| CLAIM NO. | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|
|  | Jose Guadarrama and and Rosario Mondragon | $9,056.24 | $9,056.24 |

The following claims are not included in the distribution because they have been disallowed by court order or have been withdrawn by the claimant:

| TYPE OF CLAIM | CLAIM NUMBER | CREDITOR AND ADDRESS | AMOUNT OF CLAIM | DISALLOWED/WITHDRAWN (DESIGNATE) |
|---|---|---|---|---|
|  |  |  |  |  |

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct.

DATED: January 17, 2008

                                                                  Charles J. Myler, Trustee, ARDC# 2008602